46594. GEORGIA STATE BOARD OF DISPENSING OPTICIANS v. DUNAWAY DRUG STORES, INC.
(378 SE2d 116)

SMITH, Justice.

The appellant, Georgia State Board of Dispensing Opticians, filed a complaint for injunctive relief against the appellee, Dunaway Drug Stores, Inc., in which it alleged that the appellee was engaging in the unlicensed practice of dispensing opticianry in violation of OCGA Ch. 43-29. Both parties filed motions for summary judgment. The trial court granted the appellee's motion and denied the appellant's. We affirm.

The trial court found the following:

[A] customer merely places an order with the [appellee's] employee for contact lenses and provides a prescription from an optometrist or physician licensed in the State of Georgia. [The Appellee's] employee consults a price list, quotes a price to the customer, and forwards the prescription and order directly to its contact lens supplier. [The Appellee's] con-

tact lens supplier is Contact Lens Supply, Inc., hereinafter referred to as CLS, which is located in the State of Ohio. The customer's prescription is reviewed by CLS employees who are opticians licensed in Ohio working under the supervision of an optometrist licensed in Ohio. CLS provides lenses according to the prescription as interpreted by the optician and supervising optometrist in Ohio. The supplier obtains its lenses from the name brand manufacturers specified in the prescription such as "CIBA" or "Bausch and Lomb." The supplier then forwards the lenses in the manufacturer's sealed container to [the appellee]. [The appellee's] employees deliver the lenses, still in the manufacturer's sealed container to the customer.

Order of the Cobb Superior Court at 155.

Literature accompanying each filled prescription advises the customer to return to the prescribing optometrist or physician.

The appellant enumerates two errors in which it generally contends that the trial court erred in failing to find that appellee Dunaway is dispensing contact lenses in violation of OCGA Ch. 43-29.

Under the facts of this case, the appellee is merely a conduit; its activities do not fall under any of the prohibitions in OCGA Ch. 43-29.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1989 —
RECONSIDERATION DENIED MAY 3, 1989.

*Michael J. Bowers, Attorney General, Stephanie B. Manis, Deputy Assistant Attorney General, Janet M. Bolt, Staff Assistant Attorney General, C. LaTain Kell,* for appellant.
*Awtrey & Parker, A. Sidney Parker,* for appellee.